**SO ORDERED.**

**SIGNED this 10th day of February, 2026.**

```
                                    _____
                                           BENJAMIN A. KAHN
                                    UNITED STATES BANKRUPTCY JUDGE
```

```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION
```

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Sharon Annette Reid, | ) | Chapter 7 |
| | ) | Case No. 25-10566 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Sharon Annette Reid, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02023 |
| | ) | |
| Assurant Inc., | ) | |
| American Bankers Insurance Company | ) | |
| of Florida, Nieves Narvaez, | ) | |
| Whitney Hedgmon, & | ) | |
| Latonya Jackson | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING AND PERMISSIVELY ABSTAINING UNDER 28 U.S.C. § 1334**

This adversary proceeding is before the Court on Defendants' Motion to Dismiss the Amended Complaint, ECF Nos. 10 & 11, filed by Assurant, Inc., American Bankers Insurance Company of Florida,

1

LaTonya Jackson, Nieves Narvaez, and Whitney Hedgmon (collectively "Defendants") on December 8, 2025, and on the Document titled "Opposition to the Defendant's Motion to Dismiss," filed by Sharon Annette Reid ("Plaintiff") on January 16, 2026.  ECF No. 26.  Plaintiff is proceeding pro se.[1]  Having the record, including the motion, the response, and briefs,[2] the Court will dismiss Plaintiff's claim for violation of the automatic stay with prejudice for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), will permissively abstain from hearing the Plaintiff's claims based on non-bankruptcy law and therefore grant Defendants' motion to dismiss without prejudice as to those claims.

## BACKGROUND

Sharon Annette Reid ("Plaintiff") filed a voluntary petition under chapter 7 of title 11 on September 2, 2025.  Case No. 25-10566, ECF No. 1.  Plaintiff commenced this adversary proceeding by filing the Complaint on October 8, 2025.  Adv. No. 25-02023, ECF No. 1.  On December 8, 2025, Plaintiff filed an amended exempt

---

[1] The Court must construe filings by pro se litigants liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

[2] Local R. Bankr. P. 7007-1(d) provides that motions in adversary proceedings will be considered and decided by the court on the papers and the record without a hearing.  The record and filings in this adversary proceeding and in the underlying bankruptcy case are sufficient for the Court to rule without a hearing.

2

property claim in which she claimed as exempt $475,000.00 in compensation for an "insurance lawsuit." ECF No. 59, at 13. Also on December 8, 2025, Defendants filed a Motion to Dismiss this adversary proceeding and a brief in support of that motion. ECF Nos. 10 & 11.

Just before Defendants filed their Motion to Dismiss, on December 5, 2025, and within 21 days after service of the Rule 12(b)(6) Motion, Plaintiff filed the Document titled "Motion for Summary Judgment and Amend Defendant Name." ECF No. 9. On December 17, 2025, the Court liberally construed this document as a motion for summary judgment and a motion seeking leave to amend the Complaint to correct the name of "Assurant Renters Insurance" to reflect the entity's legal name. Id. In that same order, the Court denied Plaintiff's motion for summary judgment, granted her leave to file an amended complaint, directed her to obtain a new Summons, and to properly serve Defendants. ECF No. 13. On December 18, 2025, Plaintiff filed a substantially identical Amended Complaint, amended to reflect Assurant, Inc. as a defendant. ECF No. 17. Plaintiff alleges that Defendants are Plaintiff's insurer, and insurer's agents, who wrongfully denied Plaintiff coverage under a prepetition insurance contract, among other things. Id. On December 29, 2025, the Court entered an Order Setting Deadline to Respond to Motion to Dismiss. ECF No. 24. Ordinarily, the filing of an amended complaint moots an

3

earlier filed motion to dismiss, ECF Nos. 10 & 11, but because the Amended Complaint was substantially identical to the original, the Court construed the earlier filed motion to dismiss as a motion to dismiss the Amended Complaint.  ECF Nos. 10 & 17; see also ECF No. 27.  On January 16, 2026, Plaintiff filed a response to Defendants' Motion to Dismiss, and Defendants filed a document titled "Defendants' Response to Amended Complaint."  ECF Nos. 26 & 27.  Plaintiff asserts claims arising under state law, including: (1) breach contract; (2) "Bad Faith, Breach of Contract;" (3) Claims under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat § 75-1.1; (4) claims under N.C. Gen. Stat. § 58-63-15; (5) claims under N.C. Gen. Stat. § 58-2-161; (6) claims under N.C. Gen. Stat. § 58-33A-45; (7) claims under the North Carolina Collection Agencies Act, N.C. Gen. Stat. §§ 58-70-1, et seq.; (8) claims under N.C. Gen. Stat. §§ 75-55 & 75-56; (collectively the "State Law Claims") and, (9) for violations of the automatic stay under 11 U.S.C. § 362.  Defendants argue that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## JURISDICTION AND AUTHORITY

The district court has jurisdiction over civil proceedings arising under title 11, or arising in or related to cases under title 11.  28 U.S.C. § 1334(b).  Under 28 U.S.C. §157, the United States District Court for the Middle District of North Carolina

4

has referred three categories of proceedings to this Court by its Local Rule 83.11.  A claim alleging violation of the automatic stay under 11 U.S.C. 362(k) arises under title 11, is a statutorily core proceeding under 28 U.S.C. § 157(b), and the Court has constitutional authority to hear and determine claims under 11 U.S.C. 362(k) by final order.  See In re Red Ash Coal & Coke Corp., 83 B.R. 399, 400 (W.D. Va. 1988).  In contrast, Plaintiff's putative State Law Claims do not "arise under" the bankruptcy code, nor do they "arise in" this bankruptcy proceeding.  Therefore, the State Law Claims are at best related to this title 11 case and are statutorily non-core.  Although the non-bankruptcy claims are neither statutorily nor constitutionally core, to the extent, if any, that the Court has subject matter jurisdiction over them, this Court may constitutionally adjudicate proceedings and enter final orders and judgments with the consent of all parties. Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665 (2015). Defendants have consented to entry of final orders, but Plaintiff demands a jury trial.  ECF No. 11, p. 2 n.1 & 17.

**STANDARD OF REVIEW**

Civil Procedure Rule 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 7012, requires dismissal of all or part of a complaint if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012.  A complaint will survive a motion to dismiss if it

5

states, "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"[A] plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss" but is simply required to make allegations sufficient "enough to raise a right to relief above the speculative level." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012) (citing Twombly, 550 U.S. at 555). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not constitute well-plead facts and are therefore disregarded. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

**DISCUSSION**

**I.   The Amended Complaint fails to state a claim under 11 U.S.C. § 362.**

The automatic stay is the fundamental protection given to debtors under the Bankruptcy Code, 11 U.S.C. § 362(a), and to enforce that fundamental protection, § 362(k)(1) provides that "an individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).  To establish a claim under § 362(k)(1), the

6

moving party must show, by a preponderance of the evidence, that (1) the creditor violated the automatic stay; (2) the violation of the stay was willful; and (3) the willful violation caused the debtor some injury. Cf. In re Clayton, 235 B.R. 801, 806 (Bankr. M.D.N.C. 1998) (discussing 11 U.S.C. § 362(h), amended by, 11 U.S.C. § 362(k)(1) (Pub. L. No. 109-8)). For an act to be willful, "the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." In re Ennis, No. 14-02188-5-SWH, 2015 WL 6555392, at *5 (Bankr. E.D.N.C. Oct. 28, 2015) (quoting In re Strumpf, 37 F.3d 155, 159 (4th Cir. 1994), rev'd on other grounds, 516 U.S. 16 (1995)).

Plaintiff's Amended Complaint, construed liberally, does not sufficiently allege facts supporting Plaintiff's claimed violation of the automatic stay. ECF No. 17. Plaintiff conclusorily requests "[a]ctual, Punitive and Statutory damages pursuant to 11 U.S.C. [§] 362 . . . ." ECF No. 17, at 8. Mere recitations of the cause of action are insufficient under the plausibility standard. Nemet Chevrolet, Ltd., 591 F.3d at 255. Primarily, Plaintiff makes no allegation indicating any post-petition action taken by Defendants against Plaintiff, Plaintiff's property, or the bankruptcy estate. Plaintiff filed a voluntary petition on September 2, 2025. Case No. 25-10566, ECF No. 1. The alleged explosion took place on June 22, 2025, between that date and July

7

1, 2025, Plaintiff was denied coverage, logged a complaint with the North Carolina Department of Insurance, and Defendants responded to said complaint. Adv. No. 25-02023, ECF No. 17 at ¶¶ 9 & 29. The Amended Complaint asserts various events relating to Plaintiff' State Law Claims but does not assert any factual allegations supporting a claim that any defendant violated the automatic stay. ECF No. 17 at 12. The Court will dismiss Platiniff's claim for violations of the automatic stay with prejudice under Fed. R. 12(b)(6).

**II.  The court will abstain from hearing the remaining claims in this proceeding under 28 U.S.C. § 1334(c)(1).**

In the interest of justice, or comity with state courts or for respect with state law, a court may permissibly abstain from proceedings otherwise arising in or related to a case under title 11. 28 U.S.C. § 1334(c)(1); Puls v. Suntrust Mortg., Inc., No. 5:08-CV-369-F, 2010 U.S. Dist. LEXIS 150888, at *16-17 (E.D.N.C. Aug. 20, 2010). Courts may raise permissive abstention sua sponte. In re LaRoche Indus., Inc., 312 B.R. 249, 256-57 (Bankr. D. Del. 2004). This Court previously considered twelve factors when determining whether to permissively abstain:

> (1) efficiency in the administration of the debtor's estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled issues of state law; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than 28 U.S.C. § 1334; (6)

> the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state courts; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceedings in bankruptcy court involved forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) whether non-debtor parties are involved in the proceeding.

In re Freeway Foods of Greensboro, Inc., 449 B.R. 860, 879-80 (Bankr. M.D.N.C. 2011).

Analyzing these factors in light of the Amended Complaint, permissive abstention as to the State Law Claims is appropriate. The Amended Complaint is predominated by non-bankruptcy issues based solely on state law. This Court's subject matter jurisdiction over Plaintiff's claims is tenuous at best, to the extent Plaintiff's claimed exemptions become final, and to the extent those exemptions included these State Law Claims, the adjudication of the State Law Claims will not have an effect on the administration of the bankruptcy estate.[3] Although none of

---

[3] Plaintiff's Schedule A/B identifies an "insurance lawsuit" in the amount of "4-thd" ($4,000.00) amongst her assets. On January 5, 2026, and with full knowledge of this adversary proceeding and the claims asserted herein, the Trustee filed a Certification of Services Rendered under 11 U.S.C. § 330(e) declaring under penalty of perjury that no assets were distributed and that the estate was fully administered. ECF No. 73; see 11 U.S.C. § 727(b) ("a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter"). The trustee has not moved to intervene in this adversary proceeding. Debtor received a discharge under 11 U.S.C. § 727 on January 15, 2026. ECF No. 77. Thus, any award granted in these adversary proceedings would likely not be administered by the chapter 7 trustee or distributed in connection with Plaintiff's case. See In re VonGrabe, 332 B.R. 40, 43 (Bankr. M.D. Fla. 2005).

the claims appear to involve complex issues of state law, the state court is well positioned to litigate any state law claims that have at most a tenuous relationship to this case. None of the Defendants have filed a claim in this no asset case. Plaintiff claims no substantive right created by the bankruptcy code other than the dismissed alleged stay violation, and the State Law Claims exist outside of bankruptcy as independent causes of action under non-bankruptcy law. See Valley Historic Ltd. P'ship v. Bank of New York, 486 F.3d 831, 836 (4th Cir. 2007). Neither do the remaining state law causes of action fall within the Court's "arising in" jurisdiction. In re Frazier, 672 B.R. 878, 883-84 (Bankr. S.D.W. Va. 2025) (holding that outrage, breach of contract and breach of the duty of good faith and fair dealing did not "arise in" the bankruptcy proceeding as they can exist outside of bankruptcy). A state court would provide an adequate forum, and there is no benefit in proceeding with these claims in bankruptcy court. There is also a risk of promoting forum shopping if Plaintiff is permitted to avoid adjudicating these claims in state court to seek a more favorable outcome in this Court given the fact that Defendant has already appealed Defendants' coverage decision to the North Carolina Department of Insurance. ECF No. 17, at ¶¶ 28 & 29. Plaintiff demands a jury trial, which this Court may not conduct. To the extent she is entitled to one, it may be effectuated in state court. Having considered all factors,

the Court finds that the interests of justice and comity require permissive abstention from hearing the State Law Claims in this adversary proceeding.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's motion to dismiss is granted as provided herein. The Court dismisses with prejudice Plaintiff's claim for violation of the automatic stay for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b). The Court will permissively abstain from hearing the Plaintiff's claims based on non-bankruptcy law and therefore grant Defendants' motion to dismiss without prejudice as to those claims. For the reasons stated in this order, the Amended Complaint is dismissed, and the Clerk of Court is instructed to close this adversary proceeding.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-02023

| | |
|---|---|
| John Paul Hughes Cournoyer<br>U.S. Bankruptcy Administrator | Via CM/ECF |
| Thomas G. Hooper<br>Counsel for Defendants | Via CM/ECF |

Sharon Annette Reid
1183 University Dr #105-205
Burlington, NC 27217

Sharon Annette Reid
A-1
1212 Collins Drive
Burlington, NC 27215